IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. HANNA and       :
HANNA, INC.,               :
    Plaintiffs           :
                           :  CIVIL NO. 1:12-CV-256
  v.                       :
                           :
ELI N. AVILA, M.D.,        :
    Defendant            :

*M E M O R A N D U M*

I.   *Introduction*

      Plaintiffs, Richard M. Hanna, and Hanna, Inc., filed this civil-rights action against defendant, Eli N. Avila, M.D., the Secretary of Health of the Commonwealth of Pennsylvania. Plaintiffs allege that Defendant had developed personal animosity against Richard M. Hanna and decided to interfere with Plaintiffs' bid to operate the cafeteria in the Capitol Building, making the bid unsuccessful. Plaintiffs make three federal claims: (1) a procedural due process claim; (2) a substantive due process claim; and (3) an equal protection claim. Plaintiffs make two state-law claims: (1) intentional interference with prospective business relations; and (2) defamation.

      We are considering Defendant's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Since the motion argues that the complaint fails to state a claim, we review it under the standard used for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991);

*Bangura v. City of Philadelphia*, 338 F. App'x 261, 264 (3d Cir. 2009) (nonprecedential) (citing *Turbe*).

In considering a motion to dismiss under Rule 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Detailed factual allegations are not required, *id.* at 555, 127 S.Ct. at 1964; *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 564 (3d Cir. 2002), only a "short and plain statement" showing the right to relief. *Pryor, supra,* 288 F.3d at 564 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) and quoting Fed. R. Civ. P. 8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965). "[M]ore than labels and conclusions" are required. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964–65.

With this standard in mind, we set forth the background of this litigation, as Plaintiffs allege it.

III.   *Background*

Plaintiffs allege as follows.  In January or early February 2011, Defendant entered Plaintiffs' restaurant and ordered an egg sandwich, "indicating he was in a hurry." (Compl. ¶¶ 6-7).  "Plaintiff happened to be frying eggs for himself and placed those eggs into a sandwich" served to Defendant.  (*Id.* ¶ 8).  Defendant then falsely accused Plaintiff of serving stale eggs, (*id.* ¶ 9), leading to "a heated discussion" in which Defendant accused Plaintiff "of serving bad food," and then said to Plaintiff "in a threatening tone 'You don't know who I am' before leaving the restaurant."  (*Id.* ¶ 10).

Thereafter, Defendant "undertook a personal vendetta against Plaintiff" by "making a false complaint of "health violations" to the City of Harrisburg.  (*Id.* ¶ 11).  The City's health inspectors found only "one minor violation that had nothing to do with food services."  (*Id.* ¶ 12).

In February 2011, Plaintiffs submitted a proposal to the Pennsylvania Department of General Services (DGS) for a contract to provide food service in the Capitol cafeteria.  (*Id.* ¶ 14).  "Upon learning of Plaintiff's proposal, Defendant intentionally, willfully, and maliciously sent the following e-mail message to the decision maker in the Department of General Services: 'It is my professional opinion that they (Plaintiffs) should not have any nexus to food services with the Capitol.  I will elaborate if you want to talk to me about the matter.'"  (*Id.* ¶ 18).  Plaintiffs allege "[t]he plain meaning of the words uttered by Defendant were intended to defame and harm Plaintiffs."  (*Id.* ¶ 19).  Further, "the words were understood in a defamatory manner, disparaging Plaintiffs'

ability to operate the food service business in the Capitol." (*Id.* ¶ 20). "Defendant inserted himself with the weight of his office into a procedure in which he would not normally have participated, but for his personal vendetta against Plaintiffs." (Id. ¶ 49).

"Defendant used the authority of his office to execute his personal vendetta and influence Commonwealth employees to deny the food service contract to Plaintiffs," (*id.* ¶ 21), which was awarded to another applicant. (*Id.* ¶ 22). The e-mail "was instrumental in Plaintiff's loss of the business opportunity." (*Id.* ¶ 23).

Count I of the complaint presents a procedural due process claim. Plaintiffs identify the following property interest that was allegedly infringed: "the ability to enjoy, use and pursue [Richard M. Hanna's] business as a provider of food and food service in the Capitol Building." (*Id.* ¶ 29). Plaintiffs identify the following liberty interests that were allegedly infringed: "reputation and ability to pursue business opportunities." (*Id.* ¶ 32). Plaintiffs further allege they were "deprived of a prospective business opportunity, awarding of the Capitol food service contract and suffered a potential loss of profits in the amount of $500,000." (*Id.* ¶ 38).

Count II presents a substantive due process claim. In this claim, Plaintiffs allege Defendant's conduct infringed on the liberty interests in "operat[ing] a business and follow[ing] a chosen occupation free from arbitrary abusive governmental interference." (*Id.* ¶ 44). Plaintiffs also allege that pursuing business opportunities is a fundamental right. (*Id.* ¶ 45).

Count III presents an equal protection claim. Plaintiffs allege that because of Defendant's conduct, they were "singled out and intentionally treated differently in the food service application process from other applicants." (Id. ¶ 57). There was "no rational basis" for doing so. (*Id.* ¶ 58).

As noted, Plaintiffs also present two state-law claims: (1) intentional interference with prospective business relations; and (2) defamation.

IV.  *Discussion*

 A.  *Procedural Due Process Claim*

To state a claim for deprivation of procedural due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown,* 455 F.3d 225, 234 (3d Cir. 2006). Defendants move to dismiss the procedural due process claim by pointing out that the deprivation Plaintiffs allege, losing a bid for a state contract, is not recognized as a property interest, and Plaintiffs have alleged no other valid interest.

We agree. *See Independent Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1178 (3d Cir. 1997) (no property interest in an unsuccessful bid on a public contract); *Municipal Revenue Services, Inc. v. McBlain*, 347 F. App'x 817, 826 (3d Cir. 2009) (nonprecedential) ("It is, however, quite clear that the possibility of a future

contract with a municipality is not a property interest that warrants procedural due process protection."). The other description of a property interest, "the ability to enjoy, use and pursue his business as a provider of food and food service in the Capitol Building," is simply another way of saying Plaintiffs had a property interest in bidding on the contract.

The liberty interest Plaintiffs claim, "reputation and ability to pursue business opportunities" appears to be an attempt to assert a stigma-plus procedural due process claim.[1] In a stigma-plus claim, "a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Dee v. Borough of Dunmore*, 549 F.3d 225, 233-34 (3d Cir. 2008) (quoting *Hill, supra*, 455 F.3d at 236 (emphasis in *Hill*)). We agree with Defendant that Plaintiffs have not alleged the deprivation of an additional right or interest sufficient to set forth a stigma-plus claim. The only deprivation Plaintiffs have alleged here is the lost contract for the Capitol cafeteria, but the loss of a business opportunity is not some additional right or interest covered by a stigma-plus claim. *Sturm v. Clark*, 835 F.2d 1009, 1012-13 (3d Cir. 1987) (financial loss resulting from inmates not employing the plaintiff lawyer not an additional right or interest for a stigma-plus claim);

---

[1] Reputation alone is not a protected interest under procedural due process. *Dee v. Borough of Dunmore*, 549 F.3d 225, 233 (3d Cir. 2008).

*Municipal Revenue Services*, *supra*, 347 F. App'x at 826 (loss of a public contract on an unsuccessful bid not a sufficient interest).[2]

Finally, we note that in their opposition brief, Plaintiffs assert a liberty interest in the state bidding procedures themselves, which they assert Defendant obstructed by his alleged interference in the bidding process. We reject this argument because there is no property right in a particular state process. *Independent Enterprises Inc.*, *supra*, 103 F.3d at 1178 n.10; *Campbell v. West Pittston Borough*, No. 06-CV-0387, 2008 WL 417692, at *3-4 (M.D. Pa. Feb. 13, 2008); *Tennyson v. Rohrbacher*, No. 11-35, 2012 WL 366539, at *4 (W.D. Pa. Jan. 25, 2012).

We will therefore dismiss Count I, the procedural due process claim.

B. *Substantive Due Process Claim*

Substantive due process protects fundamental constitutional rights. *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000). Plaintiffs argue they have fundamental constitutional rights in operating a business and following a chosen occupation free from arbitrary abusive governmental interference. They also allege that pursuing business opportunities is a fundamental right.

Defendant points out, and Plaintiffs do not contest, that substantive due process does not protect an interest created by state law in the award of a contract to the

---

[2] Plaintiffs cite *Kelly v. Borough of Sayreville*, 107 F.3d 1073 (3d Cir. 1997), for the proposition that "deprivation of future employment" is a sufficient interest. (Doc. 8, Opp'n Br. at p. 7). Actually, *Kelly* said the opposite, that the "'possible loss of future employment opportunities'" is not a sufficient interest. *Id.* at 1078 (quoted case omitted).

lowest responsible bidder, *Independent Enterprises Inc.*, *supra*, 103 F.3d at 1180. Plaintiffs rest their substantive due process claim on something else, fundamental liberty interests in pursuing an occupation, seeking financial gain, and pursuing business opportunities.

Plaintiffs have a substantive due process right to pursue an occupation. *Rittenhouse Entm't, Inc. v. City of Wilks-Barre*, ___ F. Supp. 2d ___, ___, 2012 WL 928488, at *12 (M.D. Pa. 2012); *Schultz v. Hughesville Borough*, No. 10-CV-262, 2011 WL 3273076, at *15 (M.D. Pa. July 29, 2011)(citing *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1259 (3d Cir. 1994)). But this right is not infringed unless there is "a complete revocation or a substantial interference with one's chosen occupation." *Schultz*, 2011 WL 3273076, at *15 (citing *Piecknick*, 36 F.3d at 1261-62). Thus this right was not violated here when Plaintiffs simply lost a bid on a particular contract.

As for the alleged liberty interests in seeking financial gain and pursuing business opportunities, these interests are just a different way of asserting an interest in being awarded the cafeteria contract and equally unavailing to Plaintiffs. *See Holt Cargo Sys., Inc. v. Delaware River Port Auth.*, 20 F. Supp. 2d 803, 831 (E.D Pa. 1998)(no fundamental property interests in obtaining optimal results from a business or in pursuing business opportunities), *aff'd*, 165 F.3d 242 (3d Cir. 1999).

We will therefore dismiss the substantive due process claim.

C. *The Equal Protection Claim*

Defendant moves to dismiss the equal protection claim because the complaint fails to allege sufficient facts to establish the claim.[3] Specifically, Defendant argues that there are no facts alleged showing that his e-mail played any role in the DGS contract decision, how he affected that decision, or in what way Plaintiffs were treated differently than the other bidders.

We agree with Defendant that the equal protection claim fails to allege sufficient facts. As noted above, conclusional factual assertions are not enough. Here Plaintiffs merely allege in conclusory fashion that Defendant "influence[d]" Commonwealth employees to deny them the food service contract, that the e-mail "was instrumental" in Plaintiff's unsuccessful bid, and that Plaintiffs were "singled out and intentionally treated differently in the food service application process from other applicants," with "no rational basis" for doing so.

Since Plaintiffs have failed to allege sufficient facts to support the claim, the equal protection claim will be dismissed.

D. *Leave to Amend*

We must grant leave to amend a civil-rights claim even if a plaintiff does not request it and even if he is represented by counsel. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). We do not have to do so,

---

[3] The claim is a "class of one" equal protection claim. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

however, if amendment would be futile.  *Id.*  In the instant case, we conclude that allowing amendment of the procedural and substantive due process claims would be futile because amendment would not cure Plaintiffs' inability to plead valid property or liberty interests necessary for the pursuit of those claims.  However, Plaintiffs may be able to plead sufficient facts in an amended complaint to overcome the deficient conclusory fact pleading in their equal protection claim.

   We will thus grant leave to file an amended complaint to set forth the equal protection claim with sufficient factual allegations.  At that time, we will also decide what to do with Plaintiffs' state-law claims, including consideration of Defendant's argument that they are barred by sovereign immunity.

   We will issue an appropriate order.

               /s/ William W. Caldwell
                William W. Caldwell
                United States District Judge

May 30, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. HANNA and       :
HANNA, INC.,               :
    Plaintiffs             :
                           :  CIVIL NO. 1:12-CV-256
  v.                       :
                           :
ELI N. AVILA, M.D.,        :
    Defendant              :

*O R D E R*

AND NOW, this 30th day of May, 2012, upon consideration of Defendant's motion (Doc. 6) for judgment on the pleadings, it is ordered that:

   1.  Judgment on the pleadings is granted in favor of Defendant and against Plaintiffs on Count I, the procedural due process claim; Count II, the substantive due process claim; and Count III, the equal protection claim.

   2.  Plaintiffs are granted twenty-one (21) days from the date of this order to file an amended complaint setting forth their equal protection claim with sufficient factual allegations.

   3.  If no amended complaint is filed, the court shall consider whether the state-law claims should proceed.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge