IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. HANNA and : | |
| HANNA, INC., : | |
|     Plaintiffs : | |
| : | CIVIL NO. 1:12-CV-256 |
| v. : | |
| : | |
| ELI N. AVILA, M.D., : | |
|     Defendant : | |

*M E M O R A N D U M*

I.  *Introduction*

      We are considering whether this action should be remanded to the state court.  Because there are no longer any federal claims and because we are still at a early stage of the litigation, we will grant the motion.

II.  *Background*

      Plaintiffs, Richard M. Hanna, and Hanna, Inc., filed this civil-rights action against defendant, Eli N. Avila, M.D., the Secretary of Health of the Commonwealth of Pennsylvania, in the Court of Common Pleas of Dauphin County, Pennsylvania. Plaintiffs alleged that Defendant had developed personal animosity against Richard M. Hanna and decided to interfere with Plaintiffs' bid to operate the cafeteria in the Capitol Building, making the bid unsuccessful.  Plaintiffs made three federal claims: (1) a procedural due process claim; (2) a substantive due process claim; and (3) an equal protection claim.  Plaintiffs made two state-law claims: (1) intentional interference with prospective business relations; and (2) defamation.

On the basis of the federal constitutional claims, Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a). He then filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that the three federal claims were not meritorious and that he was immune from suit on the two state-law claims on the basis of state-law sovereign immunity. Plaintiffs opposed the motion. On May 30, 2012, we dismissed the three federal claims and granted Plaintiffs leave to amend the equal protection claim. We left open a decision on the state-law claims. *Hanna v. Avila*, 2012 WL 1952175, at *5.

In response, Plaintiffs filed a motion to withdraw the equal protection claim and to remand the action to the state court because no federal claims were left. In the motion, Plaintiffs noted that Defendant opposed remand. We granted the motion to withdraw the equal protection claim, and the remand issue is now before us.

III. *Discussion*

Remand in this case is governed by 28 U.S.C. § 1367(c)(3). *Beckinger v. Twp. of Elizabeth*, 434 F. Appx. 164, 170 (3d Cir. 2011) (nonprecedential).[1] Section 1367(c)(3) confers on us discretion in deciding whether to remand, *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. Appx. 163, 165 (3d Cir. 2006) (nonprecedential), but generally, "'[W]here the claim over which the district court has

---

[1] As noted in *Beckinger*, section 1367(a)(3) provides that "'[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction.'" *Id.*

original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Beckinger*, 434 F. Appx. at 170 (quoting *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995)). As noted in *Beckinger*, when only state-law claims remain, as here, these factors "counsel *against*" retaining jurisdiction. *Id.* (emphasis in original). And the party opposing remand must point to "extraordinary circumstances" supporting the continued exercise of jurisdiction. *City of Pittsburgh Comm'n on Human Relations*, 163 F. Appx. at 166.

We have reviewed Defendant's arguments against remand, and none are persuasive. Essentially, they amount to an assertion that we should retain jurisdiction because we could adjudicate the state-law claims just as well as the state court. That is no doubt true but immaterial to the remand decision.

However, we will deal with the argument that Plaintiffs may be attempting to manipulate the forum. Citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 S.Ct. 720 (1988), Defendant argues that we should not remand because Plaintiffs' decision to withdraw his equal protection claim appears to be a tactic meant to manipulate the forum. *Carnegie-Mellon* is distinguishable. The defendant there argued against allowing a district court discretion to remand state-law claims by raising the possibility that after removal, as happened in *Carnegie-Mellon*, a plaintiff might simply dismiss his federal claims and then request a remand. *Id.* at 357, 108 S.Ct. at 622. The

Supreme Court did say that manipulative tactics could be considered (as part of the district court's exercise of discretion as a whole), *id.*, but the example given in *Carnegie-Mellon* did not happen in this case. Plaintiffs here did not move to dismiss their federal claims as soon as the case was removed. Instead, in response to Defendant's motion for judgment on the pleadings, they argued all three claims were meritorious, and moved to withdraw the equal protection claim only after we decided it failed to state a claim. We see no manipulation in Plaintiffs' decision to forego a claim in these circumstances.

Defendant also argues we should be suspicious of Plaintiffs' motion to remand because Pennsylvania courts employ a fact-pleading standard while federal courts use notice pleading. According to Defendant, the Pennsylvania standard is more vigorous than the federal one, and yet Plaintiffs wish to return to a forum in which their state-law claims may not meet the applicable pleading standard. In Defendant's view, this means Plaintiffs are attempting to manipulate the forum. We reject this argument because it is superficial and anticipates events that may not occur.

In sum, since we are at an early stage of this case, no federal claims remain, and Defendant has presented no extraordinary circumstances why we should retain jurisdiction, remand is well within our discretion, and we will issue an remanding this case to the state court.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: August 9, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. HANNA and   :
HANNA, INC.,   :
    Plaintiffs   :
   : CIVIL NO. 1:12-CV-256
  v.   :
   :
ELI N. AVILA, M.D.,   :
    Defendant   :

*O R D E R*

AND NOW, this 9th day of August, 2012, it is ORDERED that:

  1.  Plaintiffs' motion (Doc. 11) to remand this case is GRANTED.

  2.  The Clerk of Court shall remand this case to the Court of Common Pleas of Dauphin County, Pennsylvania, and close this file.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge